UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GIOVANNI MABON,

Plaintiff,

v.

LIPPSMEYER, et al.,

Defendants.

No.  2:26-cv-1486 AC P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer.  He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915.  Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee.  See 28 U.S.C. § 1915(a)(2).  Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

////

////

_____

[1]  This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum.  28 U.S.C. §§ 1914(a), 1915(b)(1).  As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account.  See 28 U.S.C. § 1915(b)(1).  A separate order directed to the appropriate agency requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account.  These payments will be taken until the $350 filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

1

I.      Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Id. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.      Factual Allegations in the Complaint

The complaint alleges that that defendant, Bowman, a state court judge, and defendant Lippsmeyer, plaintiff's state court attorney, violated plaintiff's constitutional rights under the Sixth Amendment to the United States Constitution. ECF No. 1. Specifically, plaintiff alleges that Lippsmeyer represented in state court that he would file a timely notice of appeal. Id. at 3. Defendant Bowman, who was presiding over the case, "concurred with [Lippsmeyer] claim, admitting that my direct appeal will be submitted before that day ended." Id. Because the notice

2

of appeal was not timely filed, plaintiff was not afforded an appellate attorney.  Id.  By way of relief, plaintiff seeks $4.2 million dollars.  Id. at 4.

III.     Failure to State a Claim

Having conducted the screening required by 28 U.S.C. § 1915A, the undersigned finds that the complaint does not state a valid claim for relief against any defendant.

Plaintiff may not seek damages from Judge Bowman because Bowan is absolutely immune from liability under § 1983.  Pierson v. Ray, 386 U.S. 547, 553-54 (1967) (judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983).  To overcome judicial immunity, plaintiff must allege that defendant's actions were either (1) nonjudicial in nature, i.e., not taken in the judge's judicial capacity, Forrester v. White, 484 U.S. 219, 227-29 (1988), or (2) taken in the complete absence of all jurisdiction, Stump v. Sparkman, 435 U.S. 349, 356–57 (1991).  Plaintiff has alleged neither, and the events described in the complaint cannot be construed to support an exception to judicial immunity.

Plaintiff may not proceed against defendant Lippsmeyer under § 1983 because a criminal defense attorney does not act "under color of law" when representing an accused, even when the attorney is a public employee.  See Polk County v. Dodson, 454 U.S. 312, 325 (1981).  Accordingly, plaintiff cannot state a claim against Lippsmeyer as a matter of law.

Moreover, plaintiff's claim for damages is barred by Heck v. Humphrey, 512 U.S. 477 (1994).  Under Heck, a plaintiff may not recover monetary damages under § 1983 where success on the claim "would necessarily imply the invalidity of [the plaintiff's] conviction or sentence." Id. at 487.  In such a case, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of writ of habeas corpus."  Id. at 486-87.  To the extent plaintiff means to assert an ineffective assistance of counsel claim against Lippsmeyer, that claim necessary implies the invalidity of plaintiff's conviction and he has not shown that the conviction has been invalidated.[2]  See

---

[2] The Inmate Locator website operated by the California Department of Corrections and

3

Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (affirming district court's dismissal of plaintiff's Fifth and Sixth Amendment claims under Heck because plaintiff had not shown his underlying conviction had been invalidated). Accordingly, a § 1983 claim is not available.

IV.     Conversion to Habeas

The undersigned has considered and rejected the option of recharacterizing plaintiff's complaint as a habeas petition in light of his implicit challenge to the validity of his conviction. See Castro v. United States, 540 U.S. 375, 383 (2003); see generally Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016) (citing Castro). Such recharacterization is appropriate only under certain circumstances. For the following reasons, the undersigned concludes that it is not the appropriate course here.

First, plaintiff does not name the warden of Richard J. Donovan Correctional Facility ("RJD") as a party to the action. A petition must name the state officer who has custody as the respondent. See Rules Governing Section 2254 Cases, Rule 2(a); Stanley v. Cal. Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). If plaintiff were to file a petition for writ of habeas corpus naming the warden of RJD, the case would need to be filed in the Southern District of California because RJD is located in San Diego, California

Second, plaintiff asks for damages. See ECF No. 1 at 4. Claims for damages are neither appropriate nor available on habeas review. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974). Third, it is not clear from the contents of the complaint that plaintiff intended to bring a habeas petition. When a plaintiff's intentions are not clear, the court should not convert a defective Section 1983 complaint into a habeas petition. See Trimble, 49 F.3d at 586; see also El-Shaddai v. Zamora, 833 F.3d 1036, 1047 (9th Cir. 2016) (referencing Trimble Court directive to construe clear habeas intent in complaint as habeas claim).[3]

---

Rehabilitation (CDCR) indicates that plaintiff is currently incarcerated at Richard J. Donovan Correctional Facility. See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

[3] It is also unclear whether plaintiff has exhausted the claim he presents. See 28 U.S.C.

V.    No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the FAC fails to state any claim upon which relief may be granted.  Moreover, given the nature of the claims, amendment would be futile. The complaint should therefore be dismissed without leave to amend.

VI.    Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted.  That means you do not have to pay the entire filing fee now.  You will pay it over time, out of your trust account.

It is being recommended that your complaint be dismissed without leave to amend because you cannot seek damages against defendants Bowman or Lippsmeyer.  To the extent you believe your rights were violated during your criminal case, you can challenge the conviction and/or sentence through a direct appeal and habeas proceedings.  Although the court could convert this complaint into a federal habeas petition, it will not do so at this time, because you have not named the proper party, the only relief you seek is damages, and it is not clear whether you are challenging the legality of your conviction or sentence.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

§ 2254(b)(1) (a petition for writ of habeas corpus "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process" or circumstances render the process ineffective); see Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985) (the exhaustion requirement is met by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court).  A search of the California Supreme Courts case information website shows plaintiff filed a petition for writ of habeas corpus on July 28, 2025 and that the petition was denied.  It is unclear what claims were presented in that petition.

5

is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3.   The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 13, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

6